Zimmerman, J.
 

 The controlling facts as contained in the bill of exceptions, stated briefly, are as follows:
 

 In 1902 Martin E. Cole was the owner in fee simple of a 150-acre farm in Westfield township, Medina county, subsequently purchased by the plaintiffs. During the year 1902, by appropriation proceedings instituted in the Probate Court of Medina county, The Cleveland & Southern Railway Company acquired for a substantial sum the 60-foot strip of land in question “for the purpose of building, constructing and erecting thereon its roadbed, tracks, switches, poles and' electrical equipment and of maintaining and operating thereon its main line of railway and for electric railway purposes.” •
 

 Such railway company and its successors operated an electric railway system over such 60-foot strip of land from 1903 to 1931. It maintained on such strip of land a single track and . a line of poles supporting electric and telephone wires, all of which were used in the operation of the railway. During a major portion of such period, a part of the electrical current flowing through the electric wires was supplied and sold to villages and individuals in the vicinity.
 

 In 1931 the electric railway was formally abandoned. In November of that year the federal court receiver of The Cleveland Southwestern Railway & Light Company by written instrument conveyed “a perpetual easement,” for a stated consideration, over the 60-foot strip of land in controversy to The Reserve Power & Light Company, its successors and assigns forever, “for the maintenance of a pole line or lines, wires and appurtenances, as the same are now located. ’ ’
 

 In the deeds of conveyance to the plaintiffs of the 150-acre Cole farm, no mention was made of the 60-
 
 *405
 
 foot strip of land appropriated for “electric railway purposes,” and there were no reservations or exceptions mentioned with respect thereto.
 

 Upon the evidence, the Court of Appeals, made the following determinations;
 

 1. The Cleveland & Southern Railway Company, a g«cm-public corporation, acquired through its appropriation proceedings no more than an easement for electric railway purposes over Martin E. Cole’s farm, and upon the abandonment of the railway in 1931, the easement reverted to the original owner from whom it was taken, or to those claiming under him, unless an additional or more extensive easement had been secured by prescription or by adverse possession.
 
 Henry
 
 v.
 
 Columbus Depot Co.,
 
 135 Ohio St., 311, 20 N. E. (2d), 921.
 

 2. Until the year 1931, when the electric railway was abandoned, the poles and wires erected on the easement were used primarily for the operation of the railway, and the supplying and selling of electfical energy to the villages and others was incidental to the main use.
 

 3. Such incidental diversion of electrical energy from its primary purpose was not hostile or under any adverse claim of right as to Martin E. Cole or his property interests and therefore no easement by prescription or adverse user was established.
 

 4. The purported grant of a perpetual easement in 1931 to the predecessor of the defendant power company by the federal court receiver of The' Cleveland Southwestern Railway.
 
 &
 
 Light Company was without effect, because there was no easement for the purposes described which he had a right to transfer.
 

 An independent examination of the record convinces ns that the determinations and conclusions of the Court of Appeals are justified and supportable. Therefore, the judgment of that court quieting title in the plaintiffs to the 60-foot strip of land, comprising some
 
 *406
 
 4.54 acres, and ousting the defendant power company therefrom is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Bell, Williams, Turnee, Matthias and Hart, JJ., concur.