SMITH, DIRECTOR, APPELLEE, *v.* GILBRAITH ET AL., APPELLANTS.

(No. 1355 — Decided
May 9, 1988.)

*Anthony J. Celebrezze, Jr.,* attorney general, *John C. Thorne, Jr.,* and *Michael L. Squillace,* for appellee.
*Gregory J. Brown,* prosecuting attorney, *J. Walter Dragelevich* and *James M. Lemieux,* for appellants.

CHRISTLEY, J. Plaintiff-appellee, Warren J. Smith, the Ohio Director of Transportation, filed a petition to appropriate certain property in Ashtabula County, Ohio, in the Court of Common Pleas of Ashtabula County, on September 18, 1986. Appellee's petition stated that the purpose of this appropriation was for "the making or repairing of roads," specifically Interstate 90, and that he complied with the provisions of R.C. 163.04.

Defendants-appellants, Alice R. Gilbraith and others, whose property was included in the land appellee wanted to appropriate, filed a separate answer on October 16, 1986. In their answer, appellants stated that the planned appropriation was for the purpose of constructing a "rest area, a tourist information area, and the upgrading of a now-existing truck weigh station," but "not for the purpose of constructing or improving Interstate 90." Therefore, appellants concluded R.C. Chapter 163 did not apply with respect to the proposed appropriation.

A pretrial conference was held on April 20, 1987, after which the court ordered that the appellants file a legal memorandum with the court setting forth appellants' contention that appellee failed to comply with R.C. 163.04, and the extent and scope of evidence disclosing the fair market value of the land to be taken and damage to the residue.

Construction on the project had begun when appellants filed the legal memorandum on June 22, 1987 as directed by the court. In the memorandum, appellants argued that R.C. 5529.03, and not R.C. Chapter 163, applied since the project was clearly a roadside park and not a road improvement.

Thereafter, on June 23, 1987, appellants filed a motion for a temporary restraining order, a request for a hearing, and also a leave to file an amended counterclaim, of which the last was granted and the amended counterclaim was subsequently filed the next day.

On June 28, 1987, appellee filed a motion for an order modifying the legal description of the appropriated land. The modification, in essence, reduced the portion of the land sought in fee simple but added a demand for permanent rights of easement and access for highway use and improvements as to the balance.

On August 7, 1987, a hearing on the motion for a temporary restraining order was held. The court filed its judg-

ment entry on August 12, 1987, which denied appellants' motion for a temporary restraining order. The court further found that R.C. Chapter 163, and not R.C. 5529.03, governed the appropriation.

Neither side raised any question as to the constitutionality of R.C. 5529.03 in its restriction on the grant of power of appropriation for the public welfare expressed in Section 19, Article I of the Ohio Constitution.

On September 8, 1987, appellants filed their notice of appeal with the following assignments of error:

"1. The Common Pleas Court of Ashtabula County committed error when it denied defendants' motion for a temporary restraining order and ruled that R.C. 163.02 places no limitation upon the power of the Director of Transportation to appropriate lands for the establishment of roadside parks.

"2. The Common Pleas Court of Ashtabula County committed error when it ruled that defendants failed to comply with Civil Rule 65(A).

"3. The Common Pleas Court of Ashtabula County committed error when it ruled that defendants had an adequate remedy at law."

Not only the merits of this appeal but its status as a final appealable order rests on whether R.C. Chapter 163 controls over R.C. 5529.03.

R.C. 5529.03 provides in part the following:

"The director of transportation may acquire by gift, purchase, or appropriation, any interest, estate, or right in and to real property adjacent to highways of this state as necessary for the restoration, preservation, and enhancement of scenic beauty adjacent to said highways, or for the establishment of publicly owned and controlled *rest and recreation areas and sanitary and other facilities within or adjacent to the right-of-way of said highways to accommodate the traveling public.* Nothing in this section authorizes the director to appropriate fee simple title to real property further than *three hundred feet* from the nearest edge of the highway right-of-way." (Emphasis added.)

Under R.C. 163.09, there is *no right of appeal* by the landowner regarding certain aspects of the appropriation until after the assessment of compensation by a jury. That statute provides in part:

"(B) When an answer is filed pursuant to section 163.08 of the Revised Code, and any of the matters relating to *the right to make the appropriation,* the inability of the parties to agree, or the necessity for the appropriation are specifically denied in the manner provided in such section, the court shall set a day, not less than five nor more than fifteen days from the date the answer was filed to hear such questions. Upon such questions, the burden of proof is upon the owner. * * * *An order of the court in favor of the agency on any of such questions or on qualification under section 163.06 of the Revised Code, shall not be a final order for purposes of appeal.* * * * If a public agency has taken possession prior to such order and such order, after any appeal, is against the agency on any of such questions, the agency shall restore the property to the owner in its original condition or respond in damages, which may include the items set forth in division (A)(2) of section 163.21 of the Revised Code, recoverable by civil action, to which the state consents." (Emphasis added.)

The question was raised as to whether R.C. 5529.03 can be considered *in pari materia* with R.C. Chapter 163. That question is resolved in R.C. 5519.01, entitled "Appropriation of Property." The final sentence of that section reads:

"The power to appropriate proper-

ty for any purpose authorized by such chapters [including 5529] *shall be exercised in the manner provided in sections 163.01 to 163.22 of the Revised Code.*" (Emphasis added.)

Appellants in their answer and motion for a temporary restraining order argued that only R.C. 5529.03 and not R.C. Chapter 163 applied to the proposed appropriation. The basis of their argument was that the original appropriation was well over the three-hundred-foot limitation imposed by R.C. 5529.03. In response, appellee filed a motion for an order allowing modification of the legal description of the appropriated land. The modification reduced the fee simple portion of the land sought to 2.785 acres. However, it added a demand for what essentially amounted to a perpetual easement on the balance of the original appropriation.

In appellants' brief they admit that:

"* * * Plaintiff amended its Appropriation Petition to appropriate in fee only 2.785 acres, which equals that portion of Defendants' property within 300 feet of the nearest edge of the highway right-of-way and to appropriate a 'perpetual easement and right-of-way for public highway use and road purposes' on the remaining 24.336 acres of the original Appropriation Petition."

Appellants, therefore, are not contesting that the amended petition conforms to the three-hundred-foot limitation as to the fee simple portion of the appropriation.

The landowners have, however, raised the question as to whether the easement taken on the balance of the land is so restricted in nature as to, in fact, constitute a taking in fee simple. However, appellants have not provided any authority supporting their proposition nor is such a contention clearly evident from the evidence table before us.

R.C. 5501.31 provides in part that:

"The director [of transportation] may purchase or appropriate property necessary for * * * the construction and maintenance of slopes, detour roads, sewers, roadside parks, rest areas, recreational park areas, scenic view areas, or drainage systems incident to any highway improvement, which he is or may be authorized to locate or construct. Title to property purchased or appropriated by the director shall be taken in the name of the state *either in fee simple or in any lesser estate* or interest which the director deems necessary or proper * * *." (Emphasis added.)

It is interesting to note that this statute and R.C. 5529.01, cited earlier, and R.C. 5529.03 were enacted at the same time, so they were obviously meant to be read *in pari materia.* Further, the application of R.C. 5529.03 to the type of project at issue is clearly spelled out in *Mechanical Contractors Assn. of Cincinnati* v. *State* (1980), 64 Ohio St. 2d 192, 18 O.O. 3d 407, 414 N.E. 2d 418.

Although the power to make the appropriation comes from R.C. 5529.03, it is clear that the *procedure* for appropriation is still found under R.C. Chapter 163. Thus, the amendment of the petition to a fee simple estate extending less than the three-hundred-foot limitation with the balance in a perpetual easement with restricted access would indicate a prima facie compliance with R.C. 5529.03.

Although we disagree with the trial court's reasoning that only R.C. Chapter 163 applies, we do not disagree with its conclusion that the temporary restraining order had to be denied, that R.C. Chapter 163 is applicable, and that an adequate remedy at law exists.

We therefore find no conflict between R.C. 5529.03 and R.C. Chapter 163. That being the case, we find that

there is no right of appeal at this time to appellants per R.C. 163.09(B) and this matter is thereby dismissed.

*Judgment accordingly.*

FORD, P.J., and COOK, J., concur.