WRAY, Dir., Appellant,

v.

WYMER et al., Appellees.

[Cite as *Wray v. Wymer* (1991), 77 Ohio App.3d 122.]

Court of Appeals of Ohio,
Scioto County.

No. 1867.

Decided Sept. 10, 1991.

**124**

---

*Lee I. Fisher,* Attorney General, *Ronald H. Snyder, Vincent P. Korey* and *James E. Barrington,* for appellant.[1]

*Michael D. Wymer,* for appellees.

---

1. Jerry Wray, the current Director of Transportation, is substituted for former Director of Transportation, Bernard B. Hurst.

HARSHA, Judge.

This is an appeal from the judgment entered by the Scioto County Court of Common Pleas denying the petition of Bernard B. Hurst, Director of Transportation of the state of Ohio, plaintiff-appellant, for appropriation by perpetual easement of real property owned by Howard E. Wymer and Eloise P. Wymer, defendants-appellees.

Appellant assigns the following errors:

### Assignment of Error No. 1

"Pursuant to Ohio Revised Code 163.08 the trial court lacked jurisdiction to resolve the issue of 'the agency's right to make the appropriation' other than in favor of the agency."

### Assignment of Error No. 2

"A. The trial court erred in failing to construe Ohio Revised Code 5529.03 *in pari materia* with Ohio Revised Code Section 5501.31 and other related sections.

"B. The trial court erred in failing to apply the reasoning of recent published appellate ruling regarding this very issue."

### Assignment of Error No. 3

"The trial court erred in its construction of Ohio Revised Code 5529.03 by equating the rights acquired by fee simple with the rights acquired by easement."

On September 15, 1988, appellant filed a petition for the appropriation and possession of certain real property owned by appellees "as set forth herein and the conveyance of title to the State of Ohio." Attached to appellant's petition was a "resolution" and a "declaration of intention to take possession." The resolution indicated that appellant found it necessary to appropriate the "estate or interest specifically described hereafter" to be used for highway purposes related to a portion of State Route 23 in Scioto County, Ohio. The resolution's description of the estate of appellees to be appropriated as "all right, title and interest in fee simple, excluding limitation of access, in the following described property, including the structures thereon" and then set forth a legal description of real property owned by appellees. The resolution further provided as follows:

"Owners retain rights of ingress and egress to and from any residual area.
" * * *

"Owners claim title by instrument recorded in Volume 661, at Page 680, of the Deed Records of Scioto County, Ohio.

"It is the intent to convey ownership of the entire parcel of land as described in the above Deed Book and Page.

On September 23, 1988, appellant filed an amended petition for appropriation of appellees' property. The attached resolution deleted the fee simple description and substituted in its place the phrase "perpetual easement for highway purposes" and additionally contained the same language as the original resolution regarding the "intent to convey ownership of the entire parcel of land as described in the above Deed Book and Page." Appellees, through their original attorneys, subsequently filed answers admitting that they were the owners in fee simple of the real property described in appellant's amended appropriation petition and that they had not agreed with appellant's valuation of their real property. Appellees' answers generally denied all other allegations contained in appellant's amended appropriation petition. Appellees later dismissed their original attorneys and their current counsel entered an appearance on their behalf.

Following a pretrial hearing, the trial court issued a pretrial order providing that the property, if appropriated, would be taken as a perpetual easement and would be used for a roadside park. The trial court's pretrial order noted that appellees challenged appellant's authority to appropriate their property and ordered the parties to submit briefs on that issue. In appellant's answers to appellees' interrogatories, appellant stated that (1) the specific uses intended for the property after it would be appropriated were as a rest area, tourist information center and for highway beautification; (2) appellant would abandon the easement and return the property to appellees if and when the area was no longer used as a roadside rest area; (3) since U.S. Route 23 was a controlled access highway, the underlying fee owners would retain the right of ingress and egress in case the area would revert back to the fee owners, i.e., appellees; and (4) since this was a "total take," appellees would have "essentially no residue" to use until their property ceases to be a roadside rest area. In appellant's answers to appellees' request for admissions, he admitted that if the property was appropriated, appellant would take a perpetual easement that would not be abandoned on any determinable, specific date, and, additionally, that some of the property was beyond three hundred feet from the nearest edge of the highway right of way.

Following the submission of briefs on the issue of appellant's authority to appropriate appellees' property, the trial court filed a decision in which it determined that R.C. 5529.03 imposed a specific limitation on appellant's authority to appropriate land for a roadside rest area and park and that the

limitation applied "with equal force whether the take is in fee simple or for a perpetual easement." The trial court concluded that appellant thus lacked the requisite authority to appropriate the subject property from appellees by perpetual easement and denied appellant's amended appropriation petition. On January 11, 1990, the trial court entered a judgment reflecting its earlier decision denying the amended appropriation petition.

■ Appellant's first assignment of error asserts that, pursuant to R.C. 163.08, the trial court lacked jurisdiction to resolve the issue of the agency's right to make the appropriation other than in favor of the agency. After filing of the petition for appropriation, and notice to the affected landowners, the right of the property owners to contest the appropriation is established by R.C. 163.08. *Weir v. Wiseman* (1982), 2 Ohio St.3d 92, 94, 2 OBR 644, 646, 443 N.E.2d 152, 154. The foregoing statutory provision provides, in pertinent part, as follows:

"Any owner may file an answer to such petition. Such answer shall be verified as in a civil action and shall contain a general denial or specific denial of each material allegation not admitted. The agency's right to make the appropriation, the inability of the parties to agree, and the necessity for the appropriation shall be resolved by the court in favor of the agency unless such matters are specifically denied in the answer and the facts relied upon in support of such denial are set forth therein * * *.

" * * *

"An answer shall be served in accordance with Civil Rule 12. If the agency involved in the action is a private agency, no more than one extension of the time authorized by Civil Rule 12 for serving an answer shall be granted pursuant to Civil Rule 6, and that extension shall not exceed thirty days."

■ Appellees' answer and amended answer, filed by their original attorneys, failed to specifically deny appellant's right to make the appropriation and further failed to set forth facts relied upon in support of denial. Under these circumstances, a trial court does not err in deciding the issue of the agency's right to make the appropriation in favor of the agency without any hearing on that issue. *Muskingum Cty. v. Melvin* (1990), 69 Ohio App.3d 811, 591 N.E.2d 1302; *Coalton v. Atkins* (Sept. 27, 1990), Jackson App. No. 608, unreported, at 14–15, 1990 WL 155739; *Ohio Edison Co. v. Consol. Rail Corp.* (1984), 20 Ohio App.3d 307, 308, 20 OBR 408, 409, 486 N.E.2d 103, 104.

■ Appellant contends that based upon R.C. 163.08, since appellees never filed an answer specifically denying appellant's right to appropriate their property, the court below lacked "jurisdiction" to consider that issue. We disagree. The August 25, 1981 amendment to R.C. 163.08 providing that an

"answer shall be served in accordance with Civil Rule 12" indicates that in appropriation actions initiated by public agencies, the previously jurisdictional answer period is now only procedural. *Middletown v. Campbell* (1984), 21 Ohio App.3d 63, 21 OBR 66, 486 N.E.2d 208. Analogously, a court's ruling on the issue of the right of appellant to appropriate property absent a specific denial of that right in an answer may constitute error, but not jurisdictional error. In that appellant's first assignment of error is limited to a claim of jurisdictional error, it is overruled.

Appellant's second assignment of error asserts that the trial court erred in failing to construe R.C. 5529.03 *in pari materia* with R.C. 5501.31 and other related sections and that the trial court erred in failing to apply the rationale of a recently published appellate case on this issue. Appellant's third assignment of error asserts that the trial court erred in its construction of R.C. 5529.03 by equating the rights acquired by fee simple with the rights acquired by easement. In that appellant's second and third assignments of error raise related issues concerning the propriety of the trial court's judgment that appellant lacked authority to appropriate the subject property by perpetual easement based upon the applicable statutes and case law, they will be considered jointly.

The pertinent statutes provide as follows:

R.C. 5501.31:

"The director [of transportation] may purchase or appropriate, for such length of time as is necessary and desirable, any additional property required for the construction and maintenance of slopes, detour roads, sewers, roadside parks, rest areas, recreational park areas, scenic view areas, or drainage systems incident to any highway improvement, that he is or may be authorized to locate or construct. Title to property purchased or appropriated by the director shall be taken in the name of the state either in fee simple or in any lesser estate or interest that the director considers necessary or proper, in accordance with forms to be prescribed by the attorney general. The deed shall contain a description of the property and be recorded in the county where the property is situated, and, when recorded, shall be kept on file in the department of transportation."

R.C. 5529.03:

"The director of transportation may acquire by gift, purchase, or appropriation, any interest, estate, or right in and to real property adjacent to highways of this state as necessary for the restoration, preservation, and enhancement of scenic beauty adjacent to said highways, or for the establishment of publicly owned and controlled rest and recreation areas and sanitary and other

facilities within or adjacent to the right-of-way of said highways to accommodate the traveling public. *Nothing in this section authorizes the director to appropriate fee simple title to real property further than three hundred feet from the nearest edge of the highway right-of-way."* · (Emphasis added.)

In *Johnson's Markets, Inc. v. New Carlisle Dept. of Health* (1991), 58 Ohio St.3d 28, at 35–36, 567 N.E.2d 1018 at 1024–1025, the Ohio Supreme Court set forth the following general rules of statutory construction:

"A number of basic rules must be followed by a reviewing court in construing the regulations and statutes at issue. First, all statutes which relate to the same general subject matter must be read *in pari materia.* * * * And, in reading such statutes *in pari materia,* and construing them together, this court must give such a reasonable construction as to give the proper force and effect to each and all such statutes. * * * The interpretation and application of statutes must be viewed in a manner to carry out the legislative intent of the sections. * * * All provisions of the Revised Code bearing upon the same subject matter should be construed harmoniously. * * * This court in the interpretation of related and co-existing statutes must harmonize and give full application to all such statutes unless they are irreconcilable and in hopeless conflict. * * *

"In the judicial interpretation of potentially conflicting laws, certain statutory rules of construction must be considered. As a threshold we observe that R.C. 1.47 provides:

" 'In enacting a statute, it is presumed that:

" ' * * *

" '(C) A just and reasonable result is intended;

" '(D) A result feasible of execution is intended.'

"Another statutory rule of construction which must be considered if, and when, statutes being reviewed by a court are found to be in irreconcilable conflict, is R.C. 1.51, which states:

" 'If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevails.' " (Citations omitted.)

Appellant contends that since R.C. 5501.31 and 5529.03 relate to the same general subject matter, *i.e.,* the appropriation of property by the Director of Transportation for roadside rest and recreation areas, the trial court erred in failing to construe them *in pari materia.* However, in

considering both of the foregoing statutory provisions, it is apparent that R.C. 5501.31, which arguably allows appellant to appropriate property for roadside parks, rest areas, or recreational parks that he considers "necessary or proper" within his discretion, is not applicable to the instant case because R.C. 5501.31 is limited to those parks or rest areas "incident to any highway improvement" that appellant "may be authorized to locate or construct." In the case at bar, it is uncontroverted that U.S. Route 23 is a preexisting highway that is not being improved by new construction. Alternatively, if R.C. 5501.31 arguably generally covered the appropriation herein, R.C. 5529.-03, which expressly addresses appellant's authority to appropriate property for roadside parks and rest areas "adjacent to the right-of-way of * * * highways," would control. R.C. 1.51; *Elek v. Huntington Natl. Bank* (1991), 60 Ohio St.3d 135, 137, 573 N.E.2d 1056, 1058. Therefore, to the extent that appellant's initial argument under his second assignment of error might implicitly be construed as urging an "unlimited discretion" in appropriation pursuant to R.C. 5501.31 without regard to the explicit limitation set forth in R.C. 5529.03, such contention is without merit.

The dispositive issue in the resolution of appellant's second and third assignments of error is the meaning of R.C. 5529.03's limitation on appellant's entitlement to appropriate property for roadside parks, which precludes him from appropriating "fee simple title to real property further than three hundred feet from the nearest edge of the highway right-of-way." The trial court determined that appellant's attempted appropriation of appellees' property, some of which was more than three hundred feet from the nearest edge of U.S. Route 23, by perpetual easement was tantamount to a taking by fee simple title and thus precluded by R.C. 5529.03.

The term "fee simple title" is undefined in R.C. Chapter 5529. Accordingly, this phrase must be read in context and construed according to rules of grammar and common usage, unless it has acquired a particular meaning. R.C. 1.42. In Ohio, the phrase "fee simple" has acquired a particular meaning as a result of case law. A fee simple is the highest right, title and interest that one can have in land; it is the full and absolute estate in all that can be granted. *Masheter v. Diver* (1969), 20 Ohio St.2d 74, 49 O.O.2d 350, 253 N.E.2d 780, paragraph one of the syllabus; *Waldock v. Unknown Heirs* (June 7, 1991), Erie App. No. E–89–53, unreported, 1991 WL 97317. Conversely, an easement is an interest in the land of another which entitles the owner of the easement to a limited use of the land in which the interest exists. *Szaraz v. Consol. Railroad Corp.* (1983), 10 Ohio App.3d 89, 10 OBR 112, 460 N.E.2d 1133; 3 Powell on Real Property (1985) 34–10 *et seq.*, Paragraph 405. Either an easement or a fee can be of unlimited duration.

*Myers v. East Ohio Gas Co.* (1977), 51 Ohio St.2d 121, 5 O.O.3d 103, 364 N.E.2d 1369; *Zelch v. Samonte* (Mar. 21, 1991), Cuyahoga App. No. 58283, unreported, 1991 WL 39698. A fee simple title in appropriation cases is legally distinguishable from a perpetual easement because the former does not include a right of reversion for the landowner should the land be used for purposes for which it was not appropriated and also does not include any private right or easement for the purpose of ingress and egress to the abutting property owner's property. See, *e.g.*, *Dir. of Hwys. v. Kramer* (1970), 23 Ohio App.2d 219, 52 O.O.2d 332, 262 N.E.2d 561; *Masheter, supra; Pierce v. Cherry Valley Farms, Inc.* (1946), 146 Ohio St. 400, 32 O.O. 448, 66 N.E.2d 639; *Garlick v. Pittsburg & W. Ry. Co.* (1902), 67 Ohio St. 223, 65 N.E. 896; see, also, *Parrett v. Penn Central Corp.* (July 27, 1987), Pickaway App. No. 86 CA 17, unreported, 1987 WL 14754.

Appellees cite 36 Ohio Jurisprudence 3d (1982) 484, Easements, Section 79, in support of their contention that a perpetual easement is the legal equivalent of a fee. However, the foregoing authority merely states that an "easement may be created for a permanent or perpetual duration, or, as it is sometimes stated by the courts, in fee * * *," and cites *Junction R.R. Co. v. Ruggles* (1857), 7 Ohio St. 1; *Lowe v. Redgate* (1884), 42 Ohio St. 329; and *Siferd v. Stambor* (1966), 5 Ohio App.2d 79, 34 O.O.2d 189, 214 N.E.2d 106, as supporting authority. A close review of these three cases indicates that none stands for the proposition that a fee simple absolute is the legal equivalent of a perpetual easement, although they tend to indicate that the possibility of reversion left to the property owner in an appropriation by perpetual easement may be so minute that for purposes of valuation, the two interests taken may be compensable at nearly the same amount.

In the instant case, we recognize that appellant included language in his amended petition for appropriation which could be construed as acquiring a fee simple interest, *i.e.*, "intent to convey ownership of the entire parcel of land * * *." However, the amended petition explicitly deleted the "all right, title and interest in fee simple" language of the initial petition and replaced it with "perpetual easement for highway purposes." Moreover, while we are aware that in order to determine if the interest is an estate or servitude, courts must look at the total circumstances and not just the labels the parties use, see Cunningham, Stoebuck & Whitman, Law of Property (1984) 436, Section 8.1, it should be emphasized that the parties in the case at bar stipulated that the interest sought to be appropriated by appellant was a perpetual easement. As noted in dicta by the Eleventh District Court of Appeals in *Smith v. Gilbraith* (1988), 48 Ohio App.3d 47, at 50, 548 N.E.2d 281, at 284:

"Although the power to make the appropriation comes from R.C. 5529.03, it is clear that the *procedure* for appropriation is still found under R.C. Chapter 163. Thus, the amendment of the petition to a fee simple estate extending less than the three hundred-foot limitation with the balance in a perpetual easement with restricted access would indicate a prima facie compliance with R.C. 5529.03." (Emphasis *sic.*)

In effect, the trial court interpreted the R.C. 5529.03 limitation to include "a perpetual easement" with "fee simple." However, courts do not have authority to ignore the plain and unambiguous language of a statute under the guise of statutory interpretation, but, rather, in such situations the courts must give effect to the words used. *State v. Krutz* (1986), 28 Ohio St.3d 36, 38, 28 OBR 96, 98, 502 N.E.2d 210, 211; *Ohio Dental Hygienists Assn. v. Ohio State Dental Bd.* (1986), 21 Ohio St.3d 21, 23, 21 OBR 282, 284, 487 N.E.2d 301, 303; see, also, *Cline v. Bur. of Motor Vehicles* (1991), 61 Ohio St.3d 93, 96, 573 N.E.2d 77, 79. Absent ambiguity, statutory language is not to be enlarged or construed in any way other than that which its words demand. *Kneisley v. Lattimer–Stevens Co.* (1988), 40 Ohio St.3d 354, 357, 533 N.E.2d 743, 746.

*Expressio unius est exclusio alterius,* a maxim of statutory interpretation, means that the expression of one thing is the exclusion of another. Black's Law Dictionary (6 Ed. 1990) 581. Under this maxim, if a statute specifies one exception to a general rule or assumes to specify the effects of a certain provision, other exceptions or effects are excluded. *Vincent v. Zanesville Civil Serv. Comm.* (1990), 54 Ohio St.3d 30, 33, 560 N.E.2d 226, 229, at fn. 2. The General Assembly is presumed to have known that its designation of one limitation would be construed to exclude other limitations. *Hoops v. United Tel. Co. of Ohio* (1990), 50 Ohio St.3d 97, 101, 553 N.E.2d 252, 256. In R.C. 5501.31, the General Assembly used the phrase "either in fee simple or in any lesser estate or interest" and it used the phrase "title or easement" in R.C. 5529.01. However, it chose to limit the R.C. 5529.03 beyond the three-hundred-foot appropriation exclusion to "fee simple title." Manifestly, this exclusion could not limit appellant from appropriating appellees' property outside the three-hundred-foot area by virtue of the "lesser interest" of perpetual easement. Accordingly, the trial court erred in concluding that R.C. 5529.03 precluded appellant from appropriating appellees' property. For all of the foregoing reasons, appellant's second and third assignments of error are sustained, and the judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

STEPHENSON, P.J., and STAPLETON, J., concur.

WILLIAM B. STAPLETON, J., of the Brown County Court of Common Pleas, sitting by assignment.