WILSON, Appellant,

v.

SOUTH CENTRAL LOCAL SCHOOL DISTRICT, Appellee.

[Cite as *Wilson v. S. Cent. Local School Dist.* (1995), 107 Ohio App.3d 610.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–95–024.

Decided Dec. 1, 1995.

*James Martin* and *Timothy Caldwell*, for appellant.

*David Smith*, for appellee.

*Per Curiam.*

This is an appeal from the Huron County Court of Common Pleas. Appellant, Derrick Wilson, is a student at South Central High School. He was suspended when the school principal found two cigarettes in his jacket after a search of his locker. Appellee, the South Central Board of Education (the "board"), affirmed his suspension. On appeal, the Huron County Court of Common Pleas affirmed the decision of the board.

Wilson appeals to this court designating one claim of error.

"ASSIGNMENT OF ERROR:

"The trial court erred and abused its discretion by finding that Appellant's suspension was in conformance with law and statute when the suspension was unconstitutional, illegal, arbitrary, capricious, unreasonable and/or unsupported by the evidence."

Ed Holland, the Principal of South Central High, got an anonymous tip that Wilson was smoking and called him to his office. Wilson admitted he had smoked in the past but said he was not smoking at that time. Holland asked to see his locker. In the locker there were various items including Wilson's coat. In the inside pocket of the coat, Holland found two cigarettes. They returned to the principal's office where Holland spoke to him about the harmful effects of smoking and told him that cigarettes were not allowed on school grounds. Wilson said he had forgotten the cigarettes were in his pocket and that they had

been there for a long time. Holland then began the paperwork to suspend Wilson for five days.

Wilson appealed to the board, arguing that a five-day suspension as a penalty for possession of tobacco was not included in the student handbook. The board upheld the suspension and Wilson appealed to the court of common pleas. That court, inexplicably, found at the hearing that Wilson had been smoking in school, and put on an entry finding the action of the board was in conformance with the law and affirmed the board's decision.

The South Central student handbook has a code of conduct listing certain prohibited conduct. Since the titles are self-explanatory, for brevity and clarity we note only the titles.

"Rule 1: Disruption of school

"Rule 2: Damage to school or private property

"Rule 3: Assault, Fighting, or Harassment

"Rule 4: Dangerous Weapons, ordnance, or instruments

"Rule 5: Narcotics, alcoholic beverages, drugs, counterfeit controlled substances (look-alike drugs)

"Rule 6: Use and possession of tobacco

"Rule 7: Insubordination

"Rule 8: Theft"

The list continues, barring various conduct such as profanity, truancy, lying, and ends with catchall "Rule 18: Other violations."

In the section on sanctions to be imposed for violation of the rules, the student handbook lists the following as the sanctions to be followed.

"Sanction I: Verbal warning

"Sanction II: Parental phone calls

"Sanction III: Detention

"Sanction IV: Teacher/Principal conference

"Sanction V: Referral to Principal"

At this point there is an insertion in the Sanctions section which provides, "Also as noted below, there are very serious offenses a student can commit which will result in the necessary bypassing of lesser sanctions and lower disciplinary alternatives in order to fairly deal with such problems."

Sanction V then continues, and under "Disciplinary Alternatives," there are five categories listing sanctions for various offenses.

"1. Saturday school—2 days first offense or 6th detention; 4 days second offense or 10th detention; when a student is involved in fighting, the student will also be removed from the school setting for one full day in addition to other alternative disciplinary assignment.

"2. External Suspension—5 days 3rd offense from Saturday assignment; skipping one day of Saturday school; 15 detentions; major vandalism, first offense; major insubordination, first offense; (name calling a staff member, threatening remarks, refusal to follow a directive) * * *."

The list of sanctions continues, but those are not relevant here.

Possession of tobacco is not included in the list of offenses for which a five-day suspension can be imposed, and this is the substance of appellant's claim. Appellant argues that a student code must specify the conduct for which a student can be suspended. Appellee argues that such suspensions are within the discretion of the school board.

This issue requires us to construe R.C. 3313.661(A), which states:

"Each board of education shall adopt a policy regarding suspension, expulsion, removal, and permanent exclusion that *specifies the types* of misconduct for which a pupil may be suspended, expelled, or removed. * * * A copy of the policy shall be posted in a central location in the school and made available to pupils upon request. No pupil shall be suspended, expelled or removed except in accordance with the policy adopted by the board of education * * *." (Emphasis added.)

To say we must construe the statute may be a misstatement because when a statute is unambiguous, a court simply reads the statute and follows it. A court may not construe it so as to change the clear meaning of a statute to suit the particular facts of a case at bar. *Wachendorf v. Shaver* (1948), 149 Ohio St. 231, 36 O.O. 554, 78 N.E.2d 370. "Courts do not have authority to ignore the plain and unambiguous language of a statute under the guise of statutory interpretation, but * * * must give effect to the words used." *Wray v. Wymer* (1991), 77 Ohio App.3d 122, 132, 601 N.E.2d 503, 509.

Paragraph five of the *Wachendorf* syllabus says:

"The court must look to the statute itself to determine legislative intent, and if such intent is clearly expressed therein, the statute may not be restricted, constricted, qualified, narrowed, enlarged or abridged; significance and effect should, if possible, be accorded to every word, phrase, sentence and part of an act, and in the absence of any definition of the intended meaning of the words or terms used in a legislative enactment, they will, in the interpretation of the act, be given their common, ordinary and accepted meaning in the connection in which they are used."

Statutory construction was described more simply in *Cleveland Elec. Illum. Co. v. Cleveland* (1988), 37 Ohio St.3d 50, 524 N.E.2d 441, where the Supreme Court said in the syllabus, "It is our duty to give effect to the words used in a statute."

█ In construing a statute, a court's paramount concern is the legislative intent in enacting the statute. *State v. S.R.* (1992), 63 Ohio St.3d 590, 594, 589 N.E.2d 1319, 1322–1323. Under Ohio law, it is a cardinal rule that a court must first look to the language of the statute itself to determine the legislative intent. *Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 218, 574 N.E.2d 457, 461–462.

This court has looked at the actual language of R.C. 3313.61. It is clear and unambiguous. It says a school board must adopt a policy which *specifies* the types of misconduct for which a pupil may be suspended. It says no student may be suspended except for violation of one of the specified offenses. "Specific" is defined in Black's Law Dictionary (6 Ed.1990) 1398, as "precisely formulated or restricted; definite; explicit." "Specify" is defined in Webster's Third New International Dictionary (1986) 2187 as "to mention or name in a specific or explicit manner."

The South Central High School student code of conduct does not specify the possession of tobacco as misconduct for which a pupil may be suspended. Therefore, the board was in error in suspending appellant.

Appellee argues that under the holding in *In re Huffer* (1989), 47 Ohio St.3d 12, 546 N.E.2d 1308, boards of education are given a great latitude in their disciplinary discretion. Appellee relies on the holding in *Kiser v. Clear Fork Valley Local School Bd.* (Jan. 25, 1991), Richland App. No. CA–2782, unreported, 1991 WL 12806, where the court upheld a suspension under a student code which was vague. The Clear Fork code listed conduct which might lead to disciplinary action, such as threatening another or using profane language. The code had a penalty section describing the types of penalties applicable to various types of misconduct. The penalty section then stated that the listed penalties were not specific, but "merely a guide to show what could happen in certain circumstances" and stated that "penalties may vary in accordance to the severity of incident and number of occurrences." Kiser claimed that because the code listed Saturday school as the penalty for using profanity, the board could only impose Saturday school as the sanction for using profanity.

The Fifth District, however, held that for various misconduct the penalties may vary within the discretion granted to the principal and that this discretion is not subject to review unless it has been clearly abused.

In *Huffer*, there was no question about what the specific offense was or what the specific sanction was. The sanction for intoxication was suspension. Huffer and his father went to Ohio University to see about his attending college there

after graduation. Father and son had a couple of beers with lunch. When the son went to wrestling practice after school, the coach smelled beer on his breath, and he was suspended for violating the rule against student intoxication. The court of appeals split two-to-one, and the Supreme Court split four-to-three on whether finding this conduct to be intoxication constituted an abuse of discretion. There was no split on the penalty. Under Policy 662 of the Circleville School Board, the specified sanction for intoxication was suspension.

Appellee argues that the code provides for suspension for "very serious offenses" and that possession of two cigarettes is a very serious offense. This argument is entirely without merit if words are to have any meaning at all. In comparison to guns, knives, using drugs, selling drugs, assaults, intoxication, theft, or even smoking on school grounds, simple possession of two cigarettes cannot reasonably be called a very serious offense. To be sure, possession of tobacco is a violation of school rules and imposing a penalty is in keeping with the school's duty to look out for the students. Similarly, a rule against running in the hallways is necessary to protect students, and one can easily imagine someone getting hurt, but no one would call running in the halls a very serious offense.

This vagueness is, we believe, the very reason why the legislature adopted R.C. 3313.661 to require school boards to be specific about what is a suspendable offense and what is not. The legislature said that the policy must specify the types of misconduct for which a pupil may be suspended. "Specify" means to use explicit language. By analogy, one can refer to the term "specific bequest" in probate law. A specific bequest must precisely describe the item. A bequest that says that it leaves "my very valuable ring" would not be upheld. The ring must be explicitly described so as to distinguish it from other rings. Likewise, suspendable misconduct must be explicitly described, so as to distinguish it from nonsuspendable misconduct.

We wish to emphasize here that this case is being decided on statutory grounds, not on an abuse of discretion standard. Let us suppose that the South Central code provided for a five-day suspension for possession of two cigarettes, or even a suspension for running in the halls. The court would review under the *Huffer* abuse-of-discretion standard. One could argue that imposition of such a heavy sanction was an abuse of discretion. One could argue that since the suspension procedures prohibit the student from making up lost work and seem designed to harm the student academically, it is an abuse of discretion to impose such a draconian sanction for such a minor offense. One could make such arguments, and indeed they were made in this case, but such arguments miss the issue in this case.

The question in this case is not whether the school board might adopt a policy which specifies this misconduct as a type for which a student can be suspended as

required by R.C. 3316.661(A). The question is whether the board did so adopt and specify. The answer is that it did not. Therefore, it cannot suspend Wilson under R.C. 3313.661(A).

Based on the foregoing, the assignment of error is found to be well taken. The judgment of the Huron County Court of Common Pleas is reversed and the cause is remanded. Appellee is ordered to pay the court costs of this appeal.

*Judgment reversed*
*and cause remanded.*

MELVIN L. RESNICK and GREY, JJ., concur.

GLASSER, J., concurs in judgment only.

LAWRENCE GREY, J., retired, of the Fourth Appellate District, sitting by assignment.