DECISION AND JUDGMENT ENTRY
This is an appeal from a Pike County Common Pleas Court judgment that affirmed the State Fire Marshal's decision to revoke Thomas Bartley's fireworks exhibitor's license. Bartley, plaintiff below and appellant herein, raises the following assignments of error:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN AFFIRMING THE STATE FIRE MARSHAL'S FINDING THAT APPELLANT, THOMAS BARTLEY SOLD FIREWORKS WITHOUT POSSESSING THE NECESSARY LICENSE IN VIOLATION OF OHIO LAW."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN AFFIRMING THE STATE FIRE MARSHAL'S FINDING THAT APPELLANT, THOMAS BARTLEY OBTAINED FIREWORKS IN VIOLATION OF OHIO LAW."
THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN AFFIRMING THE STATE FIRE MARSHAL'S FINDING THAT APPELLANT, THOMAS BARTLEY STORED FIREWORKS IN VIOLATION OF OHIO LAW."
On August 5, 1999, the Department of Treasury, Bureau of Alcohol, Tobacco and Firearms (ATF) conducted a routine explosive compliance inspection at appellant's premises in Waverly, Ohio. The ATF found various 1.3G fireworks (22 cases of "shells," "salutes," and "cakes") stored in a magazine on appellant's property. The ATF referred a complaint to the State Fire Marshal regarding appellant's storage and possession of 1.3G fireworks.
On August 11, 1999, the State Fire Marshal, along with the Pike County Sheriff's Department, executed a search warrant at appellant's property. The State Fire Marshal discovered that appellant was storing 1.3G fireworks in a magazine on his property. Appellant, a licensed fireworks exhibitor, does not have a State of Ohio magazine permit.
State Fire Marshal representatives further discovered that fireworks were either stored or had been discarded in a barn on appellant's premises. The barn is not an acceptable storage facility. The magazine in which the shells, salutes and cakes were stored was approved for commercial explosives but not for fireworks.
The State Fire Marshal and the Pike County Sheriff's Office seized the shells, salutes and cakes from the magazine. The law enforcement officers also seized a notebook that contained a log of appellant's fireworks.
Among the items the officers seized was a receipt dated January 20, 1998. The receipt indicated that appellant transferred to Ben Rapp, a licensed fireworks exhibitor, $563.84 worth of fireworks.
The State Fire Marshal subsequently issued to appellant a notice of a proposed revocation of appellant's fireworks exhibitor's license. The State Fire Marshal alleged that appellant had violated provisions of the Ohio Revised Code:
 "1. [Appellant] has failed to comply with provisions of the Ohio Revised Code, including but not limited to, unauthorized possession and storage of 1.3G Fireworks as defined in ORC 3743.01(D). This constitutes a violation of ORC Sections 3743.52(B) and 3743.64(E) in accordance with section 3743.54 and 3743.55
of the Revised Code and Ohio Administrative Code (Ohio Fire Code) Sections 1301:7-7-31(N)(1), FM-3113.1, 1301:7-7-31(N)(2), FM-3113.2, and 1301:7-7-31(N)(4), FM 3113.4."
 [Appellant] has failed to comply with provisions of the ORC, including but not limited to no person shall possess fireworks in this state or shall possess for sale or sell fireworks in this state without maintaining a manufacturer's or wholesaler's license. This constitutes a violation of ORC Sections 3743.52(B) and 3743.65(A) in accordance with 3743.02 to 3743.08
and 3743.15 to 3743.21 of ORC, and ORC Sections 1301:7-7-312(P)(4), FM-3115.4 and 1301:7-7-31(M)(1), FM3112.1.
 "3. [Appellant] has failed to comply with provisions of ORC, including but not limited to[:] No person, except a licensed wholesaler or fireworks can engage in wholesaling of fireworks. This constitutes a violation of ORC 3743.61(A) as authorized by division (C)(2) of section 3743.04 and ORC Sections 1301:7-7-31(P)(4), FM-3115.4 and 1301:7-7-31(M)(1), FM3112.1."
On July 27, 2001, the matter of the proposed revocation of appellant's license was heard before Hearing Officer Craig A. Paynter. With respect to the State Fire Marshal's allegation that appellant sold fireworks to Ben Rapp without possessing a wholesaler's license, appellant testified that he and Rapp "jointly purchased" the fireworks. Appellant stated that he and Rapp looked through a catalog and decided which fireworks to purchase. Appellant ordered the items and completed the purchase. When appellant received the fireworks, he distributed to Rapp the fireworks that Rapp desired, and Rapp paid appellant. As to the State Fire Marshal's allegation that appellant improperly stored fireworks, appellant conceded that the barn was not a proper storage facility. Appellant stated, however, that he believed that the fireworks in the barn were inert. Appellant nevertheless admitted that the fireworks could have exploded in a fire. Additionally, Harry Barber, a state arson investigator, testified that the fireworks could have been volatile.
With respect to the State Fire Marshal's allegation that appellant improperly possessed and stored fireworks when a fireworks exhibition was not planned, appellant stated that he purchased fireworks in the off-season because they are cheaper. Appellant further stated that he did not know that he needed a permit for a particular show prior to purchasing fireworks from a wholesaler.
On September 29, 2000, the Hearing Officer concluded that a preponderance of the evidence supported the State Fire Marshal's allegations and recommended that the State Fire Marshal revoke appellant's license. The Hearing Officer disagreed with appellant that his and Rapp's "joint purchase" complied with the Ohio Revised Code. The Hearing Officer stated:
"While Mr. Rapp is a licensed exhibitor in his own right, the statutes pertaining to wholesaling, exhibiting and transacting in fireworks are imposed for health and safety reasons and the predominating thread of the statutory references set forth at R.C. 3743.52 et seq. reflects a need to impose rules upon exhibitors out of a concern for the safety and securities of persons viewing an exhibit and for persons who, while not viewing an exhibit, could be affected by fireworks intended to be used or used at an exhibit."
The Hearing Officer further disagreed with appellant that the Ohio Revised Code permits licensed exhibitors to store fireworks without first applying for a permit for a particular exhibition. The Hearing Officer stated:
"A fair reading of R.C. 3743.55 results in the following application. An exhibitor wishing to set off fireworks must obtain a permit from the local fire official. After acquiring that permit, and making a copy of the same, the exhibitor may acquire or purchase fireworks for use in `theparticular fireworks exhibition' which was the subject of the permit. The exhibitor must show the license as an exhibitor along with the permit to a wholesaler in order to acquire fireworks. At that point, the exhibitor may obtain fireworks for the particular exhibit and may store them at an appropriate facility until the actual exhibition. There are no time limitations or requirements for the acquisition of the permit or the fireworks, nor are there any 24-hour, 48-hour, or 72-hour limitation attendant storage limitation."
(Emphasis sic). The Hearing Officer further stated:
"A fair reading of the statute should not be relied upon by exhibitors to buy fireworks in the `off season' simply because they are less expensive at that time without having first secured permit for a particular exhibition. * * * [F]inancial expediency is no reason to shortcut the appropriate handling of fireworks and other dangerous ordinances. [sic]"
The Hearing Officer also determined that appellant's storage of the fireworks, whether inert or active, in the barn violated the Ohio Revised Code.
Thus, the Hearing Officer concluded that: (1) Ohio law prohibited the transaction between appellant and Rapp "in that [appellant] did not have a wholesaler's license; a joint purchase by the two exhibitors would have necessitated both showing their respective exhibitors' licenses to the wholesaler, and both showing their permits for the exhibition for which the fireworks were being jointly purchased"; (2) appellant obtained fireworks from a wholesaler or manufacturer without first acquiring a permit for the particular fireworks exhibition for which those fireworks were to be used; and (3) appellant improperly disposed of fireworks by leaving them in an unsecured magazine location on his property, or appellant improperly stored fireworks.
The State Fire Marshal subsequently found that appellant "was not in substantial compliance with the relevant statutory provisions of the Ohio Revised Code and Ohio Administrative Code Sections" and revoked appellant's exhibitor's fireworks license for two years. On November 13, 2000, appellant filed a notice of appeal, pursuant to R.C. 119.12,[1]
in the Pike County Common Pleas Court from the State Fire Marshal's decision to revoke appellant's exhibitor's fireworks license. On February 8, 2002, the trial court affirmed the State Fire Marshal's decision. Appellant filed a timely notice of appeal.
Because appellant's three assignments of error raise the related issue of the propriety of the trial court's decision to affirm the State Fire Marshal's decision, we will address the three assignments of error together.
In his three assignments of error, appellant argues that the trial court erred by affirming the State Fire Marshal's decision. First, appellant argues that the trial court erred by concluding that appellant sold fireworks to Rapp, in violation of R.C. 3743.61(A). Appellant claims that the evidence shows that he and Rapp engaged in a joint purchase. Second, appellant contends that the trial court erred by concluding that R.C. 3743.55 prohibited appellant from acquiring and possessing fireworks when appellant did not first obtain a permit for a particular fireworks exhibition. Third, appellant asserts that the trial court erred by concluding that appellant improperly stored fireworks in the magazine. Appellant candidly admits, however, that the storage of the fireworks in the barn was a violation of the Revised Code, albeit a "technical" violation.
In an R.C. 119.12 appeal from an order of an administrative agency, the common pleas court must determine whether the order is supported by reliable, probative, and substantial evidence and is in accordance with law. R.C. 119.12; Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108,110, 407 N.E.2d 1265; Bottoms Up, Inc. v. Liquor Control Comm. (1991),72 Ohio App.3d 726, 728, 596 N.E.2d 475. Generally, the common pleas court must defer to the agency's resolution of factual questions. The court need not, however, accept improperly drawn inferences from the evidence or accept evidence which is neither reliable nor probative.Conrad, 63 Ohio St.2d at 110; Our Place, Inc. v. Ohio Liquor ControlComm. (1992), 63 Ohio St.3d 570, 571, 589 N.E.2d 1303. The common pleas court may decide purely legal questions de novo. Ohio Historical Soc. v.State Emp. Relations Bd., 66 Ohio St.3d 466, 470-471, 1993-Ohio-182,613 N.E.2d 591; Joudah v. Ohio Dept. of Human Serv. (1994),94 Ohio App.3d 614, 616-617, 641 N.E.2d 288.
An appellate court's review of an order from an administrative agency is more limited than that of the trial court. See Lorain City Bd. ofEdn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 260-261,533 N.E.2d 264. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion."
An abuse of discretion "`implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.'" Id. at 261 (quoting State ex rel. Commercial LovelaceMotor Freight, Inc., v. Lancaster (1986), 22 Ohio St.3d 191, 193,489 N.E.2d 288). Thus, absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. See id. (citing Rohde v. Farmer (1970), 23 Ohio St.2d 82, 262 N.E.2d 685).
Furthermore, an appellate court must not substitute its judgment for that of an administrative agency or a trial court. Id. "The fact that the court of appeals * * * might have arrived at a different conclusion than did the administrative agency is immaterial. * * * * With respect to purely legal questions, however, the court is to exercise independent judgment." VFW Post 8586 v. Ohio Liquor Control Comm., 83 Ohio St.3d 79,81-82, 1998-Ohio-181, 697 N.E.2d 655.
 A
Appellant first asserts that the evidence fails to establish that he improperly sold fireworks to Rapp, in violation of R.C. 3743.61(A).[2]
We agree with appellant.
The construction of a statute presents a question of law that appellate courts will review independently and without deference to a trial court's interpretation. Stapleton v. Holstein (1998), 131 Ohio App.3d 596,723 N.E.2d 164; State v. Wemer (1996), 112 Ohio App.3d 100,677 N.E.2d 1258. When construing a statute, a court first examines the statutory language. In re Hayes (1997), 79 Ohio St.3d 46, 48,679 N.E.2d 680. If the statutory language is plain and unambiguous, and conveys a clear and definite meaning, the court need not resort to rules of statutory interpretation. L.J. Minor Corp. v. Breitenbach (1996),77 Ohio St.3d 168, 171, 672 N.E.2d 636, 638. Rather, a court must apply, and not interpret, an unambiguous statute. Id.; see, also, Wray v.Wymer (1991), 77 Ohio App.3d 122, 132, 601 N.E.2d 503, 509 (stating that "courts do not have the authority to ignore the plain and unambiguous language of a statute under the guise of statutory interpretation, but * * * must give effect to the words used").
When a court construes a statute, the words and phrases that appear in the statute must "be read in context and construed, according to the rules of grammar and common usage." R.C. 1.42; see, also, IndependentIns. Agents of Ohio, Inc. v. Fabe (1992), 63 Ohio St.3d 310,587 N.E.2d 814. A court may not delete words that are used and may not add words that are not used. Cline v. Ohio Bur. of Motor Vehicles
(1991), 61 Ohio St.3d 93, 573 N.E.2d 77. "Absent ambiguity, statutory language is not to be enlarged or construed in any way other than that which its words demand. Kneisley v. Lattimer-Stevens Co. (1988),40 Ohio St.3d 354, 357, 533 N.E.2d 743, 746." Wymer,77 Ohio App.3d at 132, 601 N.E.2d at 509.
The evidence adduced in the case sub judice reveals that appellant, who is not a licensed manufacturer of fireworks engaging in the wholesale sale of fireworks, sold fireworks to Rapp. The question then becomes whether appellant operated as a "wholesaler of fireworks" when he sold the fireworks to Rapp. R.C. Chapter 3743 does not define "wholesaler." R.C. 3743.01(AA) offers guidance, however, in its definition of "wholesale sale." The statute provides that a "wholesale sale" "means a sale of fireworks to a purchaser who intends to resell the fireworks so purchased." (Emphasis added.) In contrast to a "wholesale sale," R.C.3743.01(U) defines a "retail sale" as "a sale of fireworks to a purchaser who intends to use the fireworks, and not resell them."
In the instant case, evidence exists that appellant sold fireworks to a purchaser (Rapp). No evidence exists, however, that Rapp intended to resell the fireworks. Thus, the transaction between appellant and Rapp cannot be classified as a "wholesale sale" under the Revised Code's definition and appellant, by implication, did not operate as a wholesaler when he sold the fireworks to Rapp.
Accordingly, we conclude that under the facts and circumstances present in the case sub judice, the trial court erred by concluding that appellant violated R.C. 3743.61(A). We recognize that the scenario presented in the instant case presents a troubling situation and possibly "falls between the cracks" of the fireworks regulation scheme. Once again, however, courts may not add words to statutes or enlarge or construe specific statutory language in any manner other than that which the words demand. Kneisley.
 B
Appellant next argues that the trial court erred by concluding that R.C. 3743.55 prohibited appellant from acquiring and possessing fireworks when appellant did not first obtain a permit for a particular fireworks exhibition. We disagree with appellant.
R.C. 3743.65(A) prohibits persons from possessing fireworks unless that person is, inter alia, a licensed exhibitor of fireworks as R.C. 3743.50
to 3743.55 authorize. Furthermore, a court must liberally construe provisions within the "Fireworks Code so as to promote the health, safety and welfare of the people of the state." Pizza v. Sunset Fireworks Co.,Inc. (1986), 25 Ohio St.3d 1, 5, 494 N.E.2d 1115.
R.C. 3743.54 and R.C. 3743.55 are the only statutes within R.C. 3743.50
to 3743.55 that address when a licensed exhibitor of fireworks may "acquire" fireworks. R.C. 3643.54(A) provides as follows:
A licensed exhibitor of fireworks may acquire fireworks for use at apublic fireworks exhibition only from a licensed manufacturer of fireworks or licensed wholesaler of fireworks, and only in accordance with the procedures specified in this section and section 3743.55 of the Revised Code. A licensed exhibitor shall not acquire, for any purpose, 1.4G fireworks as designated by the fire marshal in rules adopted pursuant to division (A) of section 3743.05 of the Revised Code. (Emphasis added.)
R.C. 3743.55 sets forth additional circumstances under which a licensed exhibitor of fireworks may acquire fireworks. The statute provides:
A licensed exhibitor of fireworks who has acquired a permit for apublic fireworks exhibition pursuant to section 3743.54 of the Revised Code may acquire fireworks for use in the particular fireworksexhibition only if, prior to purchasing the fireworks, the exhibitor shows to the licensed manufacturer or wholesaler his license as an exhibitor of fireworks and the permit issued pursuant to section 3743.54
of the Revised Code. The manufacturer or wholesaler shall record the exhibitor's license number and the permit number and political subdivision designation in its retail sales record.
Neither R.C. 3743.54(A) nor R.C. 3743.55 allows a licensed exhibitor to acquire fireworks for any other use except for use at a public fireworks exhibition. Moreover, neither statute allows a licensed exhibitor of fireworks to "possess" fireworks. We believe that the legislature, by using "acquire" as opposed to "possess," intended that licensed exhibitors have in their possession only those fireworks that were recently acquired in contemplation of an immediate public fireworks exhibition.[3]
In the case at bar, appellant conceded that he did not purchase the fireworks for use at a particular fireworks exhibition for which he had obtained a permit. Appellant did not, therefore, comply with the provisions contained in R.C. 3743.50 to 3734.55 regarding when a licensed exhibitor of fireworks may possess fireworks. See R.C. 3743.65(A).
We therefore disagree with appellant that the trial court erred by concluding that appellant possessed fireworks in violation of the Revised Code.
Finally, we pause to note that while we agree with appellant that the Fireworks Code is not as explicit as could be regarding a licensed fireworks exhibitor's sale and possession of fireworks, our task is not to re-write the statutes, but simply to interpret what is written. In reaching our decision, we are mindful that we must liberally construe the Fireworks Code to promote the safety, health, and welfare of the citizens of this State.
 C
Appellant further contends that the trial court erred by concluding that appellant improperly stored fireworks. We again disagree with appellant.
Appellant admitted that his storage of the fireworks in the barn was improper. Appellant asserts, however, that this "technical" violation does not merit the revocation of his license. We note, however, that the Fireworks Code does not distinguish between "technical" violations and other violations. Thus, we see no reason to do so.
We further disagree with appellant's argument that the fireworks in the barn were "inert," and thus, that his violation of the Fireworks Code "was not major." Although appellant stated that the fireworks were "inert," the State arson investigator testified that the fireworks still had a potential to detonate.
Moreover, evidence was presented that appellant's storage of fireworks in the magazine did not comply with the Ohio law.
Accordingly, based upon the foregoing reasons, we affirm the trial court's judgment in part and reverse the trial court's judgment in part. Furthermore, in light of our decision and judgment, we hereby vacate the agency's order to revoke appellant's fireworks license and remand this cause for further proceedings in order to determine what sanction, if any, to impose. See Brost v. Ohio State Medical Bd. (1991),62 Ohio St.3d 218, 581 N.E.2d 515; Mathew v. Ohio State Medical Bd. (Nov. 5, 1992), Franklin App. No. 92-AP-199, 92AP-243.
We recognize that once a trial court determines that an administrative agency's order is supported by reliable, probative and substantial evidence, the court is precluded from interfering or modifying the penalty imposed by the agency so long as such penalty is authorized by law. Henry's Cafe, Inc. v. Bd. of Liquor Control (1959), 170 Ohio St. 233,167 N.E.2d 670. Similarly, an appellate court may not simply substitute its judgment for an administrative agency with respect to an appropriate sanction. Thus, when a penalty is within the scope of authority granted to an agency, courts may not substitute its judgment for that of the agency and modify the imposed penalty. Sicking v. State Medical Bd. (1991), 62 Ohio App.3d 387, 575 N.E.2d 881. By our action today, however, we acknowledge that appellant's violations now differ from the scope and the type of violations determined during the administrative process.[4] We hasten to add that we do not intend to usurp the administrative agency's authority with respect to the determination of an appropriate sanction. Rather, we believe that the agency should be permitted to reevaluate and to determine anew the sanction issue after full consideration of our decision and judgment.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion. Appellees and appellant shall equally divide the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Kline, J.: Concur in Judgment Opinion.
[1] {¶ a} R.C. 119.12 provides, in relevant part:
 {¶ b} "Any party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination, or denying the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license, or allowing the payment of a forfeiture under section 4301.252 of the Revised Code, may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident, except that appeals from decisions of the liquor control commission, the state medical board, state chiropractic board, and board of nursing shall be to the court of common pleas of Franklin county.
* * * *
 {¶ c} Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county, except that appeals from orders of the fire marshal issued under Chapter 3737. of the Revised Code may be to the court of common pleas of the county in which the building of the aggrieved person is located.
[2] {¶ a} R.C. 3743.61(A) provides as follows:
 {¶ b} No person, except a licensed manufacturer of fireworks engaging in the wholesale sale of fireworks as authorized by division (C)(2) of section 3743.04 of the Revised Code, shall operate as a wholesaler of fireworks in this state unless it is a licensed wholesaler of fireworks, or shall operate as a wholesaler of fireworks at any location in this state unless it has been issued a license as a wholesaler of fireworks for the particular location.
[3] Black's Law Dictionary defines "acquire" as : "To gain by any means * * *; to obtain by * * * purchase." "Possess" is defined as: "[T]o have and hold as property." While the distinction appears minor, as used in the Fireworks Code, we believe the distinction is not without difference. "Acquire" implies that one will obtain the property, but not necessarily possess it for long-term periods. "Possess," on the other hand, implies that one has obtained or acquired the property and intends to keep it within one's control for as long as one likes.
[4] We additionally note that the agency did not sever the individual counts and impose a sanction with respect to each count independent of the other counts. Thus, we do not know whether appellant's sanctions would remain the same regardless of our disposition of appellant's assignments of error.