**GLADYSZ; Clark County Child Support Enforcement Agency, Appellant,**

v.

**KING, Appellee.***

[Cite as *Gladysz v. King* (1995), 103 Ohio App.3d 1.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 94–CA–0035.

Decided March 31, 1995.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1995), 73 Ohio St.3d 1428, 652 N.E.2d 801.

**2**

---

*Katrine M. Lancaster* and *Lynn Krise,* Clark County Child Support Enforcement Agency, for appellant.

*Reed P. Jewett,* for appellee.

GRADY, Judge.

This is an appeal by the Clark County Child Support Enforcement Agency ("CSEA") from an order of the Clark County Juvenile Court that enjoined CSEA from submitting a claim to the Internal Revenue Service to withhold monies from defendant-appellee John King's federal income tax refund in order to collect additional monies to pay court-ordered birthing costs owed by King. The court held that such claims apply only to delinquencies, and it found that King was not delinquent.

CSEA argues on appeal that the trial court erred when it found that monies available from an obligor's federal tax refund apply only to delinquencies in child support and birthing cost obligations. King has not responded to that claim, but argues that the issue is moot because he is not owed a federal income tax refund. However, the trial court's injunction is not limited to current years or refunds, but is a permanent injunction that is applicable in future years so long as King does not become delinquent. Therefore, the issue is not moot.

CSEA was not a plaintiff or defendant in the action in the juvenile court. It appeared on behalf of plaintiff Gladysz with respect to child support issues, as it is authorized by law to do. Upon the motion of defendant-appellee King, CSEA was made subject to the injunctive relief ordered by the court. Therefore, CSEA is an interested party that may seek appellate review by filing a timely notice of appeal from that order, pursuant to App.R. 3. It has done so.

Defendant-appellee King was determined by the juvenile court to be the father of the child born to Anne Gladysz on December 7, 1991. The determination of paternity was by agreed entry, which was filed on March 15, 1993. King was ordered to pay child support in the amount of $119.88 biweekly by wage assignment. The order also provided:

"IT IS FURTHER ORDERED the Defendant is to reimburse the Clark County Department of Human Services one-half of the money the Department advanced for the birthing costs related to the birth of the minor child in this case. Full reimbursement shall be made by wage assignment at the rate of $5.00 per week; Birthing Costs to be determined at a later date."

Defendant-appellee King made the child support and the birthing cost reimbursement payments by wage assignment that the court had ordered. According to CSEA, "[t]he balance of birthing costs owed as of February 16, 1994 was $2,200.56." CSEA then determined that it would seek payment of some or all of that balance through a federal program, which permits support agencies and obligees to ask the Internal Revenue Service to withhold amounts from an obligor's federal income tax refund for past-due child support.

■ Costs related to the birth of a child differ from the costs of maintenance, which are the usual basis for court-ordered child support. However, R.C. 3111.13(C) requires a court which makes a parentage determination to "direct the father to pay all or any part of the reasonable expenses of the mother's pregnancy and confinement." R.C. 2301.34(B) defines "support order" to include, *inter alia,* an order requiring payments pursuant to R.C. 3111.13. Therefore, birthing expenses are a proper part of a child support order and may be recouped from an obligor's federal tax refund upon a proper showing by the claimant.

Defendant-appellee King moved to restrain CSEA from submitting his name to the Internal Revenue Service under the federal program. The matter was submitted to a referee, who found that King was current and not in arrears in the ordered repayment of birthing costs, and recommended that an injunction issue. CSEA filed objections. The trial court overruled the objections and adopted the recommendation of the referee as its order. The court noted that while CSEA is authorized to seek payments of support due through the federal program, CSEA should have done so within the earlier proceeding that established the birthing cost obligation and the terms of reimbursement by King.

CSEA filed a timely notice of appeal and presents a single assignment of error, which states:

"The trial court erred in ruling that the Ohio Administrative Code sections pertaining to collection of state-paid birthing costs from a defendant-father for the birth of his child through tax offset require that the child support enforcement agency request the court for permission to invoke the tax offset remedy to collect those arrears thereby giving the defendant-father notice of the offset in cases where the defendant-father had previously been court-ordered to repay those costs at a rate of $5.00 per week and was complying with that court order."

The authority of CSEA to collect support monies from the federal income tax refunds of obligors is provided in R.C. 5101.32, which states:

"The division of child support created in the department of human services under section 5101.31 of the Revised Code shall work with the secretary of the treasury to collect past-due child support from refunds of paid federal taxes that are payable to the individual who owes the past-due support in accordance with section 664 of Title IV–D of the 'Social Security Act,' 95 Stat. 860 (1981), 42 U.S.C. 664, as amended. The division shall adopt rules in accordance with Chapter 119. of the Revised Code to establish procedures necessary to obtain payments of past-due support from federal tax overpayments made to the secretary."

Section 664(a), Title 42, U.S.Code establishes a program to collect past-due support from federal tax refunds and requires the Secretary of the Treasury,

upon being notified by a state "that a named individual owes past-due support which has been assigned to such State," to determine whether the individual is due an income tax refund and, if so, to "withhold from such refunds an amount equal to the past-due support." The term *"past-due support"* is defined in subparagraph (c)(1) of the statute, which states:

"[T]he term 'past-due support' means the amount of a delinquency, determined under a court order, or an order of an administrative process established under State law, for support and maintenance of a child, or of a child and the parent with whom the child is living."

"The legislative history of the [federal program] indicates that Congress was concerned about the growing problem of parents defaulting on their child support obligations with a consequent drain on limited state welfare resources." *Presley v. Regan* (N.D.N.Y.1985), 604 F.Supp. 609, at 612. The United States Supreme Court, in a decision concerned with whether an earned income credit constitutes a refund, noted: "[T]he Internal Revenue Code and the Social Security Act direct the Secretary of the Treasury to 'intercept' certain tax refunds payable to persons who have failed to meet child support obligations." *Sorenson v. Secretary of Treasury* (1986), 475 U.S. 851, 852–853, 106 S.Ct. 1600, 1603, 89 L.Ed.2d 855, 860.

The Department of Human Services has promulgated Rules for the General Operating Principles of the IV–D Program, which are set out at Ohio Adm.Code Chapter 5101:1–29. Those provisions authorize CSEA to secure and enforce orders for reimbursement of Medicaid-paid birth costs. The department has also promulgated regulations for Collection of Support and Past Due Support from Income Sources; Paternity, which are set out at Ohio Adm.Code Chapter 5101:1–30. Regulations governing the federal tax refund offset for support arrears are contained in Ohio Adm.Code 5101:1–30–77. Subparagraph (A) requires a CSEA to perform an annual review of payment records of each absent parent who is subject to a support order "to determine whether referral for federal tax refund offset is appropriate," and requires submission "unless the CSEA determines that the arrearage at the time of offset would be too low to qualify for collection." Subparagraph (B) sets out the criteria to be applied, stating:

"(1) For each arrearage, there must be a court order for support * * *. Arrears accumulated as a result of court ordered medical support as defined in rule 5101:1–29–35 of the Administrative Code for reimbursement of Title XIX expenditures qualify for submittal. * * *

"(2) The CSEA must have a copy of the order and any modifications upon which the amount referred for offset is based which specify the date of issuance and amount of support.

"(3) The CSEA must have verified the accuracy of the absent parent's name and social security number.  * * *

"(4) The CSEA must have verified the accuracy of the arrears.

"(5) When the absent parent is complying with an order, if one exists, to liquidate the arrearage involved by periodic payments or wage withholding, the CSEA must determine whether offset is the appropriate enforcement remedy for the case.

"(a) The CSEA worker shall estimate what the arrearage is likely to be when offset is made during the subsequent collection year.  If the arrearage is likely to be greater than one hundred fifty dollars for assigned child support arrears and IV–E foster care arrears or greater than five hundred dollars for the combined unassigned child support appears [*sic* ], assigned medical support arrears, and unassigned spousal support [*sic* ] arrears at the estimated time of offset, the CSEA *shall* submit the case.  [Emphasis added.]

"(b) When regular payments are being made on an arrearage submitted for offset, the CSEA shall monitor the case closely and modify or delete the arrears from offset as needed.  * * *

"(6) The CSEA may not submit a case for IRS offset in which the noncustodial parent or his or her spouse has filed for bankruptcy under Title XI of the United States Code, Chapters 7, 11, 12 and 13.  * * *"

■ CSEA argues that its determination to submit King's name to the federal program was appropriate because King is subject to a court order for reimbursement of Medicaid birth costs in an amount in excess of $500.  CSEA argues that the trial court erred in enjoining CSEA from submitting King's name and that the court's concern that King would lack notice of the submission is misplaced because Ohio Adm.Code 5101:1–30–772 provides for such notice.

■ We believe that CSEA's argument misconstrues the past-due support obligation to which the federal program applies.  Section 644(c), Title 42, U.S.Code defines "past-due support" as "the amount of a delinquency."  As applied to a debt or claim, *"delinquent"* means simply "due and unpaid at the time appointed by law or fixed by contract;  as, a delinquent tax."  Black's Law Dictionary (5 Ed.1979), at 385.  Thus, a delinquency is created by a default in performance, not merely by the existence of an outstanding debt.  An *arrearage* for purposes of Ohio Adm.Code Chapter 5101:1–30, therefore, is the amount of a delinquency resulting from the failure of an obligor to pay an amount when it is due according to the terms of a child support order, not simply the amount of a child support debt outstanding.

■  Here, defendant-appellee King was found to be indebted to the Department of Human Services for the expenses of the mother's pregnancy and confinement and, pursuant to R.C. 3111.13(C) he was ordered to pay one-half that amount. He has not extinguished that debt, but he is not delinquent because he is not in default of the payment obligation fixed by the court. As there is no delinquency resulting from a failure to pay, there is no *past-due* child support contemplated by R.C. 5101.32. CSEA may not seek to collect monies under the federal program from any federal income tax refund payable to King. We see no error in the order of the juvenile court which enjoined CSEA from doing so.

Limitation of this method of recoupment to delinquencies is necessary if the system is to operate with any sense of order. The amount of any child support obligation and the terms of its payment are determined by the courts. If the court finds an arrearage, the court may order terms for its payment, as well. These may include payroll withholding or similar measures provided by statute. If child support agencies are permitted to go around the court's orders to seize the obligor's assets, regardless of his compliance with the court's orders, the system could be thrown into chaos. That is not what the federal program provides for.

The trial court noted that this method of collection should have been pursued by CSEA when it sought and obtained the original support order. We agree that any tax refund due an obligor is available for payment of a support obligation and that the court may order the refund applied to any such obligation the court properly determines. However, until the support is past-due it is not available through the federal program, and the terms of the court's order may operate only to require the obligor to apply the refund monies to his obligation when he receives them or to otherwise assign his right to the refund to the obligee or an assignee of the obligee, such as CSEA.

The assignment of error is overruled. The judgment of the trial court will be affirmed.

*Judgment affirmed.*

BROGAN, P.J., and FAIN, J., concur.

FAIN, Judge, concurring.

I concur in the opinion and judgment of the court. I write separately only to note my inability to see any reason why birthing expenses should be treated differently from past-due child support. However, the definition of "past-due support" found in Section 664(c), Title 42, U.S.Code ties the phrase to the concept of a "delinquency." Accordingly, I cannot fit birthing expenses the payment of

8

which is not yet delinquent within the scope of past-due support for purposes of making those expenses amenable to payment from a federal income tax refund.