STAPLETON, Appellee,

v.

HOLSTEIN, Appellant, et al.

[Cite as *Stapleton v. Holstein* (1998), 131 Ohio App.3d 596.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 98CA2571.

Decided Dec. 14, 1998.

---

*J.B. Marshall, Jr.,* for appellee.

*Patricia R. Pekar,* for appellant CSEA.

*J. Rick Brown,* for Heidi Holstein.

HARSHA, Judge.

Scioto County Child Support Enforcement Agency ("CSEA") appeals the trial court's judgment ordering the agency not to attach Jeffrey K. Stapleton's federal income tax refund. CSEA assigns the following error:

"The trial court erred when it ordered Appellant not to attach Appellee's tax refund as said order is contrary to federal regulations, the Ohio Revised Code (ORC) and the legislative intent, regardless of persuasive case law from Appellate Districts other than the Fourth District."

Stapleton and Heidi Holstein are the divorced parents of a minor child, Caitlyn. In the divorce decree, Stapleton was ordered to pay child support. On January 9, 1997, the trial court ordered Stapleton "to pay $20.00 per pay period, plus poundage, against the arrearages herein until paid in full." It is undisputed that Stapleton was making the court-ordered child support payments and court-ordered payments on the arrearages. In February 1997, Stapleton filed a motion asking the trial court to prohibit CSEA from garnishing his federal income tax refund.[1] Ultimately, the trial court ordered the appellant to reimburse the federal tax refund to Stapleton.

■ Initially, we clarify the confusion about the nature of controlling precedent in the Fourth District. The trial court stated that the cases of *Gladysz v. King* (1995), 103 Ohio App.3d 1, 658 N.E.2d 309; *Haynie v. Haynie* (June 30, 1997), Franklin App. No. 96APF11–1610, unreported, 1997 WL 360877; and *Hartzell v. Albright* (Sept. 27, 1993), Stark App. No. CA9156, unreported, 1993 WL 405439, are "controlling precedent in this matter." While it is not improper for a trial court to rely on an appellate decision from another district as *persuasive* authority, such a decision, whether reported or not, is not *controlling authority*. See S.Ct.R.Rep.Op. 2(G); *Nutter v. Concord Twp. Bd. of Zoning Appeals* (June 30, 1993), Lake App. No. 92–L–118, unreported, 1993 WL 256808. Only Ohio Supreme Court decisions and reported opinions of this court are binding upon trial courts of this district. *Id.* Unreported opinions of appellate courts are persuasive authority only, even within the issuing court's jurisdiction. *Id.*

■ In its only assignment of error, appellant argues that the trial court erred by ruling that appellee's federal tax refund could not be intercepted. We review a trial court's construction of a statute *de novo* and without deference to that court's interpretation. *State v. Wemer* (1996), 112 Ohio App.3d 100, 103, 677 N.E.2d 1258, 1260.

---

1. The proceedings below began as a contempt proceeding. The appeal of that issue can be found in *Stapleton v. Holstein* (Dec. 10, 1998), Scioto App. No. 98CA2570, unreported, 1998 WL 880560.

Under federal law, only "past due" child support may be collected by using the program for intercepting federal tax refunds under the procedures outlined in Section 664, Title 42, U.S.Code. See *Gladysz, supra.*

CSEA derives its authority to collect monies from federal tax refunds "in accordance with 42 U.S.C. 664, as amended" from R.C. 5101.32 and the rules established by the Department of Human Services' Division of Child Support, *i.e.,* Ohio Adm.Code Chapter 5101:1–30. See R.C. 5101.32. Thus, if attachment is not permitted under the federal statute, then CSEA may not use the procedures found in R.C. 5101.32 *et seq.* to collect federal tax refunds.

■ Section 664(c)(1) defines past-due support as "the amount of a delinquency, determined under a court order, * * * for support and maintenance of a child." Delinquent means "due and unpaid at the time appointed by law or fixed by contract." *Gladysz,* 103 Ohio App.3d at 6, 658 N.E.2d at 312, citing Black's Law Dictionary (5 Ed.1979) at 385. We agree with the Second District Court of Appeals when it stated in *Gladysz:*

"Thus, a delinquency is created by a default in performance, not merely by the existence of an outstanding debt. An *arrearage* for purposes of Ohio Adm.Code Chapter 5101:1–30, therefore, is the amount of a delinquency resulting from the failure of an obligor to pay an amount *when it is due according to the terms of a child support order,* not simply the amount of a child support debt outstanding." (Emphasis added in part.) *Id.* at 6, 658 N.E.2d at 312.

■ In *Gladysz,* the obligor, King, had never been ordered to pay the "arrearages," *i.e.,* the birthing expenses, prior to the original support order. In other cases addressing this issue, the obligors had never been ordered by a court to pay the "arrearages." That is, the obligors had not extinguished their debt, but they were not delinquent because they were not in default of a payment obligation fixed by a court. See *Tuscarawas Cty. CSEA v. Maldonado* (Apr. 27, 1998), Tuscarawas App. No. 97AP100071, unreported, 1998 WL 400872; *Hartzell v. Albright* (Sept. 27, 1993), Stark App. No. CA9156, unreported, 1993 WL 405439. By contrast, Stapleton had initially been ordered by the trial court to pay child support and then failed to pay that court-ordered support. When he failed to pay the court-ordered support, the arrearages became due and unpaid, and, thus, delinquent. Therefore, the arrearages were "past-due support" as defined by Section 664(c), Title 42, U.S.Code. We acknowledge that after the arrearages became delinquent, the trial court again ordered Stapleton to pay towards the arrearage and that he complied with the subsequent order. However, this does not change the fact that he was delinquent under the initial child support order. Accordingly, the trial court erred in determining that *Gladysz*

prevented it from attaching Stapleton's federal tax refund pursuant to Section 664, Title 42, U.S.Code.

The magistrate found that CSEA had satisfied all the requirements of R.C. 5101.32 and Ohio Adm.Code 5101:1–30–77 for mandatory interception of Stapleton's refund. The trial court confirmed the magistrate's decision and neither party has contested this issue on appeal. Therefore, it was proper for appellant to have intercepted Stapleton's federal tax refund and applied it to his support arrearages.

We sustain appellant's only assignment of error because the trial court erred as a matter of law in ordering appellant to return Stapleton's federal tax refund.

*Judgment reversed.*

PETER B. ABELE and KLINE, JJ., concur.