This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Steven Todd Abbe has appealed from a decision of the Summit County Common Pleas Court, Juvenile Division, concerning an award for child support to Appellee Jessie R. Bochert. This Court affirms.
 I.
The parties to this appeal have a long history, a brief recitation of which is helpful to an understanding of the present appeal. Soledad Francesca Morales was born on April 17, 1988 and was the non-marital issue of Appellant and Appellee. For nearly ten years, Appellant's support for Soledad was sporadic and not pursuant to court order. In 1997, Appellee filed a proceeding pursuant to Chapter 3111 of the Ohio Revised Code in the Summit County Child Support Enforcement Agency ("CSEA") in order to determine the existence of a parent-child relationship between Appellant and Soledad. On June 11, 1997, a hearing officer for CSEA found that a parent child relationship existed based on genetic testing. Appellant then filed a complaint in the Summit Count Common Pleas Court, Juvenile Division, seeking visitation privileges. Appellee answered and counterclaimed, seeking child support and child support arrearages. On October 10, 1997, the juvenile court assumed jurisdiction of the issue of support, as opposed to CSEA, pursuant to R.C. 2151.231. On January 29, 1998, a magistrate of the juvenile court adopted CSEA's order establishing the existence of a parent-child relationship. On December 21, 1998, following an evidentiary hearing, the magistrate awarded visitation to Appellant and ordered him to pay $438 per month in current child support and $200 per month towards an arrearage of $47,646. Appellant was ordered to pay CSEA directly until he was able to arrange for wage withholding. Following the filing of objections, the juvenile court adopted the magistrate's decision on May 18, 1999. Appellant appealed that decision to this Court which affirmed the judgment of the juvenile court on March 29, 2000. See Abbe v.Bochert (March 29, 2000) Summit App. No. 19637, unreported.
Thereafter, on April 13, 2000, Appellant proceeded pro se and filed a document styled Motion for Continuing Jurisdiction in the juvenile court. Through that motion, Appellant claimed that CSEA initiated proceedings to intercept his income tax refund for application towards the $47,646 arrearage and argued that such proceedings were wrongful because he had not been delinquent in making either his current support payments or the additional payments of $200 per month toward the arrearage. Appellant's prayer requested that the juvenile court reaffirm and enforce its order regarding the amount of his monthly support payments.
On May 18, 2000, a magistrate of the juvenile court granted Appellant's motion, reaffirmed the prior support orders and stated that CSEA could enforce its order by any "legal means." The magistrate did nothing, however, in regard to the purported order of CSEA to intercept Appellant's income tax refund. Appellant filed objections to the decision of the magistrate, specifically citing the lack of a hearing, disagreement with the fact-finding by the magistrate, and lack of effective remedy for his complaints. Appellant also stated, in his objections, that what he sought to accomplish through his motion was a "review [of the] CSEA administrative proceeding." The juvenile court judge overruled Appellant's objections and adopted the magistrate's decision. The judge found that his factual review was limited due to the lack of transcript or record, reaffirmed that CSEA may collect support arrearages by legal means, and also found that if Appellant's motion were intended to challenge a determination by CSEA it was not timely "as faras the Court can determine from the file."[1] The judge further indicated that, while Appellant contended that he was not in default of ordered support payments, the record before the court failed to establish that claim. Therefore, the juvenile court judge overruled Appellant's objections, but adopted the decision of the magistrate, which granted Appellant's original motion for continuing jurisdiction.
The substantive issue, which Appellant apparently sought to raise, is controlled by federal and Ohio statutes and implemented by regulations in the Ohio Administrative Code. Ohio participates in a tax intercept program which authorizes the division of child support to collect past due child support monies from the federal and state income tax returns of obligors. R.C. 5101.32;[2] R.C. 5101.321;[3] Section 664, Title 42, U.S.Code. CSEA may submit "qualifying cases" once a year. See Ohio Adm. Code 5101:1-30-428(A)(3). The program must comply with the requirements of due process including notice and opportunity to be heard. R.C. 5101.321(C).[4] Obligors subject to the income tax refund offset programs may contest the arrearage amount as well as the question of whether the referral was appropriate through an "administrative complaint review." Ohio Adm. Code 5101:1-30-78(J); Ohio Adm. Code5101:1-30-77(H).
Only "past due" child support may be collected through the tax refund offset programs. See Section 664(c), Title 42, U.S.Code; Ohio Adm. Code5101:1-30-77; Ohio Adm. Code 5101:1-30-78; Gladysz v. King (1995),103 Ohio App.3d 1, 4-5. Section 664(c)(1) defines past due support as "the amount of a delinquency, determined under a court order, or an order of an administrative process established under State law, for support and maintenance of a child * * * [.]" Ohio courts have concluded that "a delinquency is created by a default in performance, not merely by the existence of an outstanding debt." Stapleton v. Holstein (1998),131 Ohio App.3d 596, 599, quoting Gladysz (1995), 103 Ohio App.3d at 6;Fazio v. Fazio (Sept. 9, 1998), Medina App. No. 2719-M, unreported, at 4-5. In addition, arrearage has been defined, for these purposes, as follows:
 An arrearage for purposes of Ohio Adm. Code 5101:1-30, therefore, is the amount of a delinquency resulting from the failure of an obligor to pay an amount when it is due according to the terms of a child support order, not simply the amount of a child support debt outstanding.
 (Emphasis sic.) Gladysz, 103 Ohio App.3d at 6. In other words, even if an obligor has not extinguished his or her entire debt, unless the obligor is in default of a payment obligation fixed by a court, he or she may not be considered to be delinquent and, thus, subject to interception of income tax refunds. Stapleton, 131 Ohio App.3d at 599.
 II.
Appellant timely appealed from the judgment of the juvenile court judge, asserting one assignment of error.
ASSIGNMENT OF ERROR
 The Trial Court erred by failing to review administrative proceedings, effectively denying the [Appellant's] right to all due process.
 Appellant asserts error in the failure of the juvenile court to review administrative proceedings in CSEA. Appellant, however, failed to cause a record of those proceedings to be produced so that the juvenile court might be able to review them. Those proceedings are not a part of the record before this Court either. Therefore, Appellant's assignment of error must be overruled.
Appellant failed to file a notice of appeal in juvenile court, a praecipe with the administrative board, request a hearing before the magistrate, subpoena records, or otherwise pursue any procedural mechanism by which a record of administrative proceedings could be provided to the juvenile court and a proper remedy be invoked. The magistrate was not able to consider the factual questions Appellant sought to have resolved because there was no record before him. Similarly, the juvenile court judge was limited to a review of the decision of the magistrate. And this Court, on appeal, is likewise limited to the record before it and prohibited from speculating as to events outside that record. Consequently, whatever proceedings may have taken place administratively are not a part of the record in this case and can form no part of our deliberations.
The fact that Appellant's Motion for Continuing Jurisdiction did not achieve for him what he sought, was not the fault of the courts, but was the result of the choices made by Appellant. Pro se litigants are "presumed to have knowledge of the law and of correct legal procedure and [are] held to the same standard as all other litigants." Kilroy v. B.H.Lakeshore Co. (1996), 111 Ohio App.3d 357, 363. Pro se litigants are not to be accorded greater rights and must accept the results of their own errors and mistakes. Meyers v. First Natl. Bank (1981), 3 Ohio App.3d 209,210. Therefore, because Appellant failed to produce an administrative record for the juvenile court, Appellant may not be heard to argue now that it erred in not reviewing such record. Accordingly, his assignment of error is overruled.
 III.
Appellant's sole assignment of error is overruled. The judgment of the juvenile court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ______________________________________ BETH WHITMORE
BATCHELDER, P.J., BAIRD, J. CONCUR.
[1] If this matter were considered as an administrative appeal, it could not have been dismissed as untimely because the evidence required to make that determination was not properly before the court. Hirsch v.Akron (March 17, 1999), Summit App. No. 19049, unreported, at 3-5. The court did have jurisdiction, however, to rule upon a Motion for Continuing Jurisdiction in a child support matter.
[2] Amended and recodified as R.C. 3123.81, effective March 22, 2001.
[3] Repealed, effective March 22, 2001. See R.C. 3123.821 and 3123.822, effective March 22, 2001.
[4] Repealed, effective March 22, 2001. See R.C. 3123.823, effective March 22, 2001.