DECISION
{¶ 1} Defendant-appellant, Randolph M. Burley, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, ordering a lump-sum seizure of appellant's Ohio Public Employees Retirement System ("OPERS") retirement funds in satisfaction of appellant's outstanding child support obligation under prior orders of the Domestic Relations Court.
 {¶ 2} This case has been before the Domestic Relations Court on multiple occasions. The finding of paternity for appellant's minor son was made on July 24, 1991, and appellant was ordered to pay child support in the amount of $319.58 per month, plus processing charges, as of January 1, 1992. Child support arrearages for the period preceding this effective commencement date for child support payments were set at $13,970.84, which appellant was ordered to liquidate at the rate of $50 per month in addition to his current court-ordered support. Additional birth expenses and genetic testing costs were also assessed to appellant.
 {¶ 3} On January 18, 1995, appellant filed a motion for a modification of his support order. The parties submitted an agreement accepted and journalized by the court on April 19, 1996 finding, inter alia, that support would be reduced to $236.42, and suspended effective March 1, 1996. The suspension did not relieve appellant of his ongoing obligation for support but only suspended the payment thereof. The stated purpose of the suspension of support was to allow the parties to negotiate a support modification and a potential retroactive effective date for that support modification. The parties were apparently unable to reach such an agreement, and the Franklin County Child Support Enforcement Agency ("FCCSEA") moved on March 3, 1999 to resume payments of ongoing child support and to determine and liquidate child support arrearages accrued. The motion was granted by entry on October 19, 1999, and appellant was ordered to resume child support payments of $236.42 per month. Arrearages were established in the amount of $21,687.94 as of July 21, 1999. Appellant was again ordered to reimburse plaintiff-appellee, Linda L. Turner, for his one-half share of uninsured birth expenses and the entire amount of genetic testing expenses. Appellant was further ordered to liquidate the new arrearage at the rate of $50 per month with support arrearages being liquidated first, followed by birth expenses, and then genetic testing costs, until all arrearages were fully liquidated.
 {¶ 4} The matter again came before a magistrate of the Domestic Relations Court on appellant's objections to an administrative termination hearing decision and an administrative lump-sum order issued by the FCCSEA. The administrative termination hearing was prompted by the emancipation of the parties' child. The administrative lump-sum order arose out of appellant's intent to liquidate his OPERS account and receive the funds therein as a lump sum. Pursuant to R.C. 3121.12, the FCCSEA sought an order allowing it to intercept the disbursed funds and apply them to appellant's child support arrearages.
 {¶ 5} After examining the evidence, making findings of fact, and referring to prior orders of the court, the magistrate ordered termination of appellant's child support order effective June 8, 2002, computed a child support arrearage in the amount of $24,660.81, a birth expense arrearage of $294.64, a genetic testing arrearage of $385, and a processing charge arrearage of $597.22 as of June 30, 2002, and ordered OPERS to transmit $25,937.67 of the lump-sum payment to appellant in satisfaction of the sum of the above arrearages. The magistrate found that if the lump sum was insufficient to liquidate the arrearages, appellant would continue payments at the prior child support amount until all arrearages were liquidated.
 {¶ 6} Appellant filed objections to the magistrate's decision, which were overruled by the trial court in a decision and entry filed on March 17, 2004 adopting the findings of fact and conclusions of law in the magistrate's decision.
 {¶ 7} Appellant has timely appealed, and brings the following two assignments of error:
First Assignment of Error
The trial Court erred as when it adopted the Magistrate's determination that a Lump Sum Seizure of my Retirement Contributions could be effected pursuant to Ohio Revised Code Sections 3121.12(A) and 3121.12(B) and forwarded to the Obligee which was in direct contravention of a prior court ordered support and liquidation schedule.
Second Assignment of Error
The Trial Court erred in finding that I was in arrears in the amount of $25,937.67 on my child support obligation as contemplated by Ohio Revised Code Sections 3121.12(A) and 3121.12(B).
 {¶ 8} Appellant's two assignments of error are interrelated, and will be discussed together. Appellant's assignments of error contest the application of R.C. 3121.12 to his case:
(A) On receipt of a notice that a lump sum payment of one hundred fifty dollars or more is to be paid to the obligor, the court, with respect to a court support order, or the child support enforcement agency, with respect to an administrative child support order, shall do either of the following:
(1) If the obligor is in default under the support order or has any arrearages under the support order, issue an order requiring the transmittal of the lump sum payment to the office of child support;
* * *
(B) On receipt of any moneys pursuant to division (A) of this section, the office of child support shall pay the amount of the lump sum payment that is necessary to discharge all of the obligor's arrearages to the obligee and, within two business days after its receipt of the money, any amount that is remaining after the payment of the arrearages to the obligor.
 {¶ 9} Reduced to its essentials, appellant's argument is that, while he does have an arrearage substantially corresponding to that set forth in the latest court order, the lump-sum payment statute has been held by courts not to apply to such arrearages in totality, but only to amounts that the obligor had failed to pay under a schedule set forth in applicable court orders. Under this interpretation, appellant argues that the amount of arrearage or delinquent payments subject to the lump-sum order is only $4,308.75, the amount accumulated through intermittent missed payments since the court's last order determining his child support rate and arrearages repayment schedule. For this proposition appellant cites Gladysz v. King (1995), 103 Ohio App.3d 1, in which the court interpreted a prior version of the lump-sum payment statute to define the term "arrearage" subject to lump-sum interception and repayment as "the amount of a delinquency resulting from the failure of an obligor to pay an amount when it is due according to the terms of a child support order, not simply the amount of child support debt outstanding." Id. at 7. This court of appeals has at one time adopted the holding in Gladysz: Haynie v. Haynie (June 30, 1997), Franklin App. No. 96APF-11-1610.
 {¶ 10} The enactment of a new version of R.C. 3121.12 governing the lump-sum payments, as well as other new code sections, give us opportunity to reexamine an overly restrictive definition of the term "arrearage" with respect to interception of lump-sum payments to child support obligors. Most pertinently, R.C. 3123.22, as of January 25, 2004, provides as follows:
Except as otherwise provided in this section, if an obligor is paying off an arrearage owed under a support order pursuant to a withholding or deduction notice or order issued under section 3121.03 of the Revised Code, a support order newly issued or modified, or any other order issued to collect the arrearage, the child support enforcement agency administering the notice or order may also take any action, including, but not limited to, any of the following to collect any arrearage amount that has not yet been collected under the notice or order, unless the obligee and obligor agree in a writing signed by the obligee and obligor and approved by the court by journal entry that the additional actions be limited to the actions provided for in division (C) of this section:
(A) Issue one or more withholding or deduction notices under section3121.03 of the Revised Code;
(B) Collect pursuant to section 3121.12 of the Revised Code a lump sum payment owed to the obligor[.]
 {¶ 11} Reading the two sections in pari marteria, it is evident that R.C. 3123.22 and 3121.12(B) permit a child support enforcement agency to seek a court order intercepting a lump-sum payment to the obligor and to apply such funds to discharge all accumulated arrearages, not just delinquencies or amounts in default under a court-ordered schedule for repayment. The language "if an obligor is paying off an arrearage owed * * * the child support enforcement agency * * * may also take any action including, but not limited to, any of the following to collect an arrearage amount that has not yet been collected under the notice or order: * * * collect pursuant to section 3121.12 of the Revised Code a lump sum payment owed to the obligor" is not susceptible of any other interpretation. The Domestic Relations Court in the present case did not err in adopting the magistrate's conclusion that the entire amount of appellant's arrearage was payable under the lump-sum payment order if the funds sufficed, and that if such funds were insufficient, appellant would continue to pay the previously-ordered monthly amounts until his obligation was liquidated.
 {¶ 12} We accordingly find that the Domestic Relations Court did not err in this aspect of its decision, and appellant's first and second assignments of error are hereby overruled.
 {¶ 13} Having overruled appellant's two assignments of error, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
Sadler and French, JJ., concur.
Wright, J., retired, of the Ohio Supreme Court, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.